IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENCE GUNTER,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN G. KANE, et al.,<br><br>Respondents. | Civil Action No. 2: 15-cv-00021<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the Motion to Dismiss filed by Respondents (ECF No. 22), to which Petitioner has responded in opposition (ECF Nos. 31 and 32) For the reasons that follow, the Motion will be granted and the petition for a writ of habeas corpus be dismissed with prejudice because Petitioner's claims are untimely. A certificate of appealability will be denied.

The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 11 and 33.

**Relevant Background**

On August 26, 2010, Petitioner, Clarence Gunter, entered into a plea agreement wherein he agreed to plead guilty to two counts of Aggravated Indecent Assault, Sexual Assault, Indecent Assault, Indecent Assault, Indecent Exposure, Simple Assault, Unlawful Restraint, and Criminal Trespass. The parties agreed to a sentence of five to ten years incarceration. The Court accepted the plea and sentenced Petitioner to 5 to 10 years imprisonment, to be followed by 7 years of probation. No post-sentencing motions were filed and Petitioner did not file a direct appeal.

On January 3, 2011, Gunter filed a pro se motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.* The PCRA Court appointed Patrick K.

1

Nightingale, Esquire, to represent him. PCRA counsel filed a No Merit Letter on April 14, 2011. After providing the required notice, on May 11, 2011, the PCRA Court dismissed the PCRA petition.

On June 21, 2011, Gunter, pro se, filed a Notice of Appeal to the Pennsylvania Superior Court. On May 16, 2012, the Pennsylvania Superior Court issued an Order affirming the PCRA Court's decision to dismiss the PCRA Petition. Gunter did not file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. Rather, on October 1, 2012, Gunter filed, pro se, what appeared to be a second, or subsequent PCRA Petition. The PCRA court issued a notice of its intent to dismiss the petition on October 18, 2012, as the Petition was time barred.

Prior to the PCRA Court issuing a final order dismissing the October 1, 2012 Petition, Gunter filed another PCRA petition on October 30, 2012. On December 14, 2012, the PCRA Court determined that Gunter's petition was untimely and issued an order denying him post-conviction relief.[1]

On January 23, 2013, Petitioner, pro se, filed a Notice of Appeal with the Pennsylvania Superior Court. On November 20, 2012, the Pennsylvania Superior Court affirmed the PCRA's Order entered on January 2, 2013, dismissing Gunter's PCRA petition(s) as untimely. Gunter did not file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court.

On January 5, 2015, Gunter filed in this Court, pursuant to the prisoner mail box rule, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

---

[1] Although the Order was dated December 14, 2012, it was not entered on the trial court's docket until January 2, 2013.

Respondents have filed a motion to dismiss Petitioner's habeas petition arguing that the petition should be dismissed because it is untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d). (ECF No. 22.)

**Discussion**

A.  Timeliness

AEDPA requires, with a few exceptions that are not applicable here, that habeas corpus petitions under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[2] It also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d).

Gunter's judgment of sentence became final on September 27, 2010, when his time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). As such, Gunter had one year, or until September 27, 2011, to either file for post-conviction relief in state court or file for federal habeas relief.

Approximately 98 days later, on January 3, 2011, Gunter timely filed a pro se PCRA petition. On May 16, 2012, the Pennsylvania Superior Court affirmed the PRCA court's decision to dismiss the PCRA petition. Gunter did not file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. Thus, the state court appeal became final on August 14, 2012.

---

[2]  Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). His claims are not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. *Id*. at § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(D).

3

After that date, AEDPA's limitations period begun to run again. Since the PCRA petition statutorily tolled AEDPA's statute of limitations period, Gunter had 273 days, or until May 14, 2013, to file a timely habeas petition in federal court once his PCRA proceeding concluded. He did not file the instant petition until, at the very earliest, January 5, 2015. Accordingly, his habeas claims are untimely by approximately 601 days.[3]

B.    Equitable Tolling

The Supreme Court of the United States has held that AEDPA's statute-of-limitation period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631 (2010). A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. *See also Munchinski v. Wilson*, 694 F.3d 308, 329–32 (3d Cir. 2012). "This conjunctive standard requires showing both elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).

Petitioner has not met his burden of demonstrating that he is entitled to equitable tolling. He has not directed this Court to anything that would qualify as an "extraordinary circumstance" that stood in his way of filing a timely federal habeas petition. He also has not shown that he was diligent in filing his federal habeas corpus petition, which, as already noted, was untimely by approximately 601 days.

---

[3]    Petitioner's second and subsequent PCRA petitions were filed well after AEDPA's statute of limitations expired, so they could not serve to statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2). Moreover, because the Superior Court deemed them to be untimely under state law, they do not qualify as a "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (quotation marks and brackets deleted).

For these reasons, the Court finds that Petitioner has failed to meet his burden of proving that equitable tolling is appropriate in this case. *See Pace,* 544 U.S. at 418 (the petitioner bears the burden of establishing both diligence and some extraordinary circumstance). Gunter has not shown that his is one of those "rare situations," *Sistrunk*, 674 F.3d at 190, in which equity permits tolling.

C.  Petitioner's Pending Motions

Also pending before the Court are the following motions filed by Petitioner: Motion to Amend New Evidence (ECF No. 20), Motion to Amend New Evidence (ECF No. 21), Motion to Amend to the Magistrate Judge to Order the Log Book on August 26, 2010 (ECF No. 30), and Motion to Amend Petition (ECF No. 34).

Petitioner is not entitled to any of the information that he seeks. None of the requests are relevant to the issue of whether his habeas claims are timely filed. In addition, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). *See also Harris v. Nelson*, 394 U.S. 286, 300 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."). Discovery is authorized in Rule 6 of the Rules Governing Section 2254 Cases in the United States District Court only by leave of court upon a showing by the petitioner of "good cause," which may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]" *Harris*, 394 U.S. at 300; *see Bracy*, 520 U.S. at 908–09. The "burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir.2 011). "[B]ald assertions and conclusory allegations do not provide

sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991); *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987). Petitioner has not met his burden of demonstrating that he is entitled to discovery in this case.

### Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability will be denied.

### Conclusion

For the reasons set forth above, Respondents' motion to dismiss (ECF No. 22) will be granted, the petition for a writ of habeas corpus will be dismissed with prejudice because Petitioner's claims are untimely, and a certificate of appealability will be denied. An appropriate Order follows.

**AND NOW**, this 22nd day of May, 2015:

It is hereby **ORDERED** that the Motion to Dismiss filed by Respondents (ECF No. 22) is **GRANTED**. The Petition for writ of habeas corpus is **DISMISSED** with prejudice as Petitioner's claims are untimely.

A Certificate of Appealability is **DENIED**.

The Clerk of Court shall docket this case closed.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

        s/ Cynthia Reed Eddy
        Cynthia Reed Eddy
        United States Magistrate Judge

cc: CLARENCE GUNTER
    JR9607
    301 Institution Dr.
    Bellefonte, PA 16823
    (via U.S. First Class Mail)

    Kelly D. Tomasic
    Office of the District Attorney of Allegheny County
    (via ECF electronic notification)